**SO ORDERED.**

**SIGNED this 09 day of March, 2007.**



*Dale L. Somers*
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re:<br><br>MICHELLE (NMNI) LUCAS,<br><br>       DEBTOR. | CASE NO. 05-18424<br>CHAPTER 7 |
| J. MICHAEL MORRIS, Trustee<br><br>       PLAINTIFF,<br><br>v.<br><br>PRAIRIE STATE BANK and<br>MICHELLE LUCAS,<br><br>       DEFENDANTS. | ADV. NO. 06-5172 |

**MEMORANDUM AND ORDER GRANTING IN PART TRUSTEE'S COMPLAINT
TO AVOID AND PRESERVE PREFERENTIAL TRANSFER AND
TO DETERMINE RIGHTS**

The matter before the Court is the Chapter 7 Trustee's Complaint (1) to Avoid and Preserve Preferential Transfer; and (2) to Determine Rights ("Complaint") filed against Prairie State Bank and Michelle Lucas. The Plaintiff, Chapter 7 Trustee, J. Michael Morris ("Trustee"), appears by Chasity M. Helm, of Klenda, Mitchell, Austerman & Zuercher, LLC. Defendant Prairie State Bank ("Bank") appears by Tyler E. Heffron, of Triplett, Woolf & Garretson, LLC. Defendant Michelle Lucas ("Debtor") appears by Frank M. Ojile. There are no other appearances. The Court has jurisdiction.[1]

**FINDINGS OF FACT.**

The Trustee seeks to avoid the transfer of a security interest in Debtor's vehicle pursuant to § 547(b)[2] and to preserve the lien for the benefit of the estate pursuant to § 551. The parties have stipulated to the following facts.

On or about August 25, 2004, Helen C. Cummings ("Cummings"), Debtor's mother, borrowed $10,282.84 from Bank for the purpose of refinancing Debtor's loan with GMAC for the purchase of Debtor's 2001 Saturn, VIN 1G8JW52R11Y538800 ("Vehicle"). Debtor signed a security agreement granting the Bank a security interest in her Vehicle, but Debtor did not sign

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. A motion to avoid a preference and to preserve property for the estate are core proceedings which this Court may hear and determine as provided in 28 U.S.C. § 157(b)(2)(E) and (F). There is no objection to venue or jurisdiction over the parties.

[2] 11 U.S.C. § 547(b). References to the Bankruptcy Code in the text shall be to the Code section only. This case was filed before October 17, 2005, when most provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 become effective. All statutory references to the Bankruptcy Code are to 11 U.S.C. §§ 101 - 1330 (2004), unless otherwise specified. All references to the Federal Rules of Bankruptcy Procedure are to Fed. R. Bankr. P. (2004), unless otherwise specified.

the note or otherwise have personal liability on her mother's note. The Bank's security interest in the Vehicle was not perfected until an application for a secured title was made to the Department of Revenue on July 26, 2005.

Debtor filed for relief under Chapter 7 on October 13, 2005. She claimed the Vehicle as exempt and listed the Bank loan as a secured claim. In December 2005, Cummings' loan with Bank was renewed. Only Cummings, not the Debtor, signed the renewal note, and the Vehicle secured the renewed note. In January 2006, nearly three months post-petition, Debtor set up an auto-debit with Bank to make payment toward Cummings' renewed loan with Bank.

On March 27, 2006, the Trustee filed his Complaint to avoid perfection of the lien as a preferential transfer, to preserve the lien for the benefit of the estate, and to determine rights in the Vehicle. Both the Bank and the Debtor filed answers to the Complaint. On March 30, 2006, the Trustee filed a motion for an order that the Debtor be directed to pay all post-petition payments due under the note to the bankruptcy estate, to the extent she was making payments to the Bank or Cummings. The motion regarding payment was granted by order filed on May 12, 2006.

Debtor, Bank, and Trustee filed a stipulation of facts. After briefing of the preference and lien avoidance issues by Trustee and Bank, the Court took the matter under advisement. It is now ready to rule, and, for the following reasons, grants the Trustee's Complaint.

**ANALYSIS.**

Section 547(b) states the conditions for avoidance of preferential transfers. A transfer is defined by § 101(54) to mean "ever mode . . . of disposing of or parting with property or with an

3

interest in property." The granting of a security interest in property of the debtor is a transfer.[3]
Under § 547(b), a transfer is avoidable if it:

> (1) is of an interest of the debtor in property; (2) is for the benefit of a creditor; (3) is made for or on account of an antecedent debt owed by the debtor before the transfer was made; (4) is made while the debtor is insolvent; (5) is made on or within ninety days before the date the bankruptcy petition was filed; and (6) allows the creditor to receive more than the creditor would otherwise be entitled to receive from the bankruptcy estate.[4]

The Trustee has the burden of proof on each element.[5]

In this case, the first element is satisfied because there was a transfer of Debtor's interest in property when Debtor granted a security interest in the Vehicle by executing the security agreement on August 25, 2004. The transfer was of an interest of the Debtor in her property, as Bank obtained a conditional right to possession and sale of the Vehicle. The fact that Debtor's Vehicle was potentially exempt does not provide a defense to avoidance.[6]

The second element, as well as elements three and six, are the focus of Bank's primary defense, based upon the stipulated fact that the note was the personal obligation of Cummings, not the Debtor. Bank argues that when the bankruptcy was filed, Bank was not a creditor and

---

[3] *Vogel v. Russell Transfer, Inc.*, 852 F.2d 797, 798 (4th Cir. 1988). The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 amended 11 U.S.C. § 101(54) defining "transfer" to include "the creation of a lien." The Trustee contends that the transfer was the perfection of the security interest. Although not technically correct, this is the practical effect of a grant of a security interest which is not perfected within 10 days because in such cases, pursuant to 11 U.S.C. § 547(e)(2)(B), the date of the transfer of the security interest is the date of perfection. *See Kepler v. Security Pacific Housing Services (In re McLaughlin)*, 183 B.R. 171, 174 (Bankr. W.D. Wis. 1995).

[4] *Bailey v. Big Sky Motors, Ltd. (In re Ogden)*, 314 F.3d 1190, 1196 (10th Cir. 2002).

[5] *Id.*

[6] *E.g., Deel Rent-a-Car, Inc. v. Levine*, 721 F.2d 750, 757 (11th Cir. 1983); *Covey v. United Fed. Sav. and Loan Ass'n of Ill. (In re Owen)*, 104 B.R. 929, 931-32 (D.C.D. Ill. 1989).

Debtor owed no debt to Bank because Debtor had no personal liability on the 2004 note. The note held by Bank was executed only by Cummings and only she owed money to Bank. The Trustee contends the Bank was a creditor because it had a right to enforce a remedy against the Debtor's Vehicle and a right to payment from the value of the Vehicle, citing *Johnson v. Home State Bank*.[7]

The Court concludes that when Debtor filed for relief, her in rem liability to Bank arising from the granting of the security interest in the Vehicle was a debt, that Bank was a creditor of Debtor, and that Bank had a claim against Debtor. A "creditor" is defined by the Code to mean an "entity that has a claim against the debtor that arose at the time of or before" a voluntary case was filed.[8] A "claim" as defined by the Code includes a "right to payment" and a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured."[9] The statutory rules of construction provide that "'claim against the debtor' includes claim against property of the debtor."[10]

The United States Supreme Court in *Johnson*[11] construed the forgoing definitions when deciding that a mortgage lien which secured an obligation for which a debtor's personal liability

---

[7] 501 U.S. 78 (1991).

[8] 11 U.S.C. § 101(10).

[9] 11 U.S.C. § 101(5).

[10] 11 U.S.C. § 102(2).

[11] *Johnson v. Home State Bank*, 501 U.S. at 78.

5

has been discharged in a Chapter 7 liquidation is a claim subject to inclusion in an approved Chapter 13 reorganization plan. In *Johnson*, debtor defaulted on his farm mortgage note, and foreclosure was initiated. The debtor filed for relief under Chapter 7 and was discharged from his personal liability on the note secured by the mortgage. After the automatic stay was lifted, the bank reinstated the foreclosure proceedings, and Johnson then filed a Chapter 13 case. The bankruptcy court confirmed his Chapter 13 plan to pay the bank in installments, the district court reversed, and the Tenth Circuit affirmed. The Supreme Court reversed, finding that the bank's mortgage interest which survived discharge of personal liability was a "claim," within the meaning of § 101(5), that could be paid through the Chapter 13 plan. The court stated:

> Even after the debtor's personal obligations have been extinguished, the mortgage holder still retains a "right to payment" in the form of its right to the proceeds from the sale of the debtor's property. Alternatively, the creditor's surviving right to foreclose on the mortgage can be viewed as a "right to an equitable remedy" for the debtor's default on the underlying obligation. Either way, there can be no doubt that the surviving mortgage interest corresponds to an "enforceable obligation" of the debtor.[12]

"A fair reading of § 102(2) is that a creditor who . . . has a claim enforceable only against the debtor's property nonetheless has a 'claim against the debtor' for purposes of the Code."[13]

There is nothing in *Johnson* limiting the Code analysis to questions concerning Chapter 13 plans. The court's construction of the Code definitions and the cited rule of construction are generally applicable. The Tenth Circuit, in a Chapter 11 case,[14] relied upon *Johnson* when holding a debtor's transfer of a deed of trust to a creditor of the debtor's parent corporation, as

---

[12] *Id.*, 501 U.S. at 84.

[13] *Id.*, 501 U.S. at 85.

[14] *Gill v. Winn (In re Perma Pacific Properties)*, 983 F.2d 964 (10th Cir. 1992).

6

security for the creditor's loan to the parent corporation, was on account of an antecedent debt and therefore preferential. It reasoned that the debtor when executing and delivering the deed of trust to the creditor incurred a separate and independent obligation to be responsible for the loan to the parent corporation. The creditor had a claim against the debtor, at least to the extent of the value of the security, and the debtor owed a debt to the creditor.

The second element, that the transfer be made for the benefit of a creditor, is satisfied. The transfer benefitted Bank. As examined above, Bank was a creditor of Debtor because Debtor had a debt to Bank, although enforceable only against the Vehicle.

The third element, that the transfer of the security interest was made on account of an antecedent debt owed before the transfer was made, is also satisfied. Debtor had a debt to Bank for the reasons examined above. That debt was owed before the transfer of the security interest because of the definition of when a transfer is made found in § 547(e)(2)(B). It provides:

> (2) For purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made -
> (A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time, except as provided in subsection (c)(3)(B);
> (B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; or
> * * *
> (3) For the purposes of this section, a transfer is not made until the debtor has acquired rights in the property transferred.

In this case, the debt was incurred on August 25, 2004, when the security interest was granted. However, it was not perfected until July 26, 2005, about eleven months later. Pursuant to § 547(e)(2)(B), the transfer was therefore made on July 26, 2005, long after the debt, the in rem liability to Bank, was incurred. The transfer was for an antecedent debt.

7

The fourth and fifth requirements, that the transfer be made within ninety days pre-petition while the debtor was insolvent, are satisfied.  As examined above, the transfer was made on July 26, 2005.  The Debtor filed on October 13, 2005, within the 90 day period thereafter.  Subsection 547(f) provides that for purposes of a preference action the debtor is presumed to be insolvent on and during the 90 days immediately preceding the filing of the petition.  No evidence to rebut the presumption has been offered.

Finally, the transfer of the security interest allowed Bank to receive more than it would otherwise be entitled to receive form the estate.  Absent the security interest, Bank had no claim against the Debtor, who has no personal liability on the Bank's note.

In addition to arguing that the transfer of the security interest was not preferential because Debtor had no personal liability on the note, Bank also argues that the Trustee's Complaint should be denied because finding a voidable preference would be unfair to Cummings.  The Court recognizes that lack of fairness, but the public policy advanced by the Code is not always fair to specific individuals or entities.  Such is a government of laws, not humans.  "[T]he preference provisions facilitate the prime bankruptcy policy of equality of distribution among creditors of the debtor."[15]  Subject to the statutory exceptions making certain otherwise preferential transfers not avoidable, this goal of equitable treatment of all of debtor's creditors prevails over the unfair results as to any one individual.  The Code provides no basis for a court to deviate from the Code

---

[15] 5 *Collier on Bankruptcy* ¶ 547.01 (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 15th ed. rev. 2006).

definition of a preference, other than the codified exceptions, which are not claimed to be applicable here.

**CONCLUSION.**

The Court therefore finds that the Trustee has sustained his burden to establish each element for avoidance of the Bank's security interest in the Vehicle as preferential pursuant to § 547(b).

The Court also finds that the security interest is preserved for the benefit of the estate pursuant to § 551. That section provides for the automatic preservation of transfers avoided under § 547. The Trustee is entitled to judgment on this claim.

Once a preference is found, the next step is to address the parties' rights in the Vehicle, entitlement to the payments made to the Trustee by the Debtor pursuant to the May order of this Court, and the remedies of the Trustee. Neither Bank, Trustee, nor Debtor has fully briefed these questions, and the extent of disagreement, if any, is not known. Therefore, a status conference will be scheduled for approximately 30 days after the entry of this order to determine if final judgment may be entered to close this adversary proceeding or whether additional assistance of the Court will be required.

The foregoing constitute Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

###

9

Case 06-05172    Doc# 59    Filed 03/09/07    Page 9 of 9